Case 3:24-cv-00169   Document 17   Filed on 02/10/25 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
February 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| LESLIE M.,[1] | § § § | |
| Plaintiff. | § § | |
| V. | § § | CIVIL ACTION NO. 3:24-cv-00169 |
| COMMISSIONER OF SOCIAL SECURITY, | § § § § | |
| Defendant. | § § | |

## OPINION AND ORDER

Plaintiff Leslie M. seeks judicial review of an administrative decision denying her application for Title II disability insurance benefits under the Social Security Act (the "Act"). Defendant Michelle King, the Acting Commissioner of the Social Security Administration (the "Commissioner"),[2] has asked to remand this case "for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g)." Dkt. 15 at 1. "Understanding, of course, that a remand for further proceedings is a 'favorable' outcome, Leslie M. nonetheless opposes the motion . . . and instead asks that this Court reverse the ALJ's decision and enter an order that SSA immediately calculate and award benefits to her." Dkt. 16 at 1.

It is undisputed that the Commissioner's decision is not supported by substantial evidence. A lack of substantial evidence, however, is the basis for reversal and remand, not an immediate award of benefits. Under controlling Fifth

---

[1] On May 1, 2023, the Committee on Court Administration and Case Management of the Judicial Conference of the United States issued a memorandum recommending that courts adopt a local practice of using only the first name and last initial of any non-government party in Social Security opinions.

[2] Michelle King became the Acting Commissioner of Social Security on January 20, 2025. King is "automatically substituted" as the defendant in this suit. FED. R. CIV. P. 25(d); *see also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

Circuit precedent, an immediate award of benefits is merited only where "uncontroverted evidence" conclusively establishes an entitlement to disability benefits. *Ivy v. Sullivan*, 898 F.2d 1045, 1049 (5th Cir. 1990); *see also Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986) (same).

Leslie M. does not confront this standard, choosing instead to argue that she should not be forced to wait longer for resolution due to the Commissioner's intransigence. Leslie M. seems to believe that the combination of her own testimony and the opinion of her treating neurologist, Dr. Randolph Evans, are enough to warrant an immediate award of benefits. *See* Dkt. 16 at 6 ("Her testimony which has remained consistent throughout the pendency of her case, Dr. Evans opinion, and the law (including this Court's previous decision) are facts that cannot change on remand which, again, SSA's motion avoids these facts altogether."). Dr. Evans opined that Leslie M. "would miss 5 or more days of work per month." Dkt. 13 at 10 (citing Dkt. 11-1 at 658). Yet, even if Dr. Evans's opinion is afforded controlling weight, there remains the fact that Leslie M. "reported working approximately 85% of the time since the age of 18," Dkt. 11-1 at 626, despite experiencing migraines "since age 16." *Id.* at 556. Accordingly, Dr. Evans's opinion is not uncontroverted evidence.

Because Leslie M. has not pointed me to uncontroverted evidence establishing her entitlement to disability benefits, I **GRANT** the Commissioner's Motion to Reverse and Remand for Further Administrative Proceedings (Dkt. 15) pursuant to the fourth sentence of 42 U.S.C. § 405(g).

A final judgment will issue separately.

SIGNED this 10th day of February 2025.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE